UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAN N. NGUYEN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 4:13-CV-1140 (CEJ) |
| CAPITAL ONE BANK (USA), N.A., et al. | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motions to dismiss filed by defendants Capital One Bank (Capital One), Kramer & Frank, P.C. (K&F), and Irwin James Frankel (Frankel). Plaintiff has not responded and the time for doing so has expired.

**I. Background**

Plaintiff brings this action alleging that defendants violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, while attempting to collect payment for three defaulted Capital One credit card accounts. K&F is counsel for Capital One and Frankel is an attorney employed by K&F. Plaintiff alleges that defendants violated the FDCPA by: (1) misrepresenting the total amount due; (2) misrepresenting that the demand letters were from K&F; (3) misrepresenting that K&F attorneys were significantly involved in the collection efforts; and (4) negligently managing plaintiff's accounts by allowing him to exceed his credit limits.  Plaintiff seeks to bring this action on his own behalf and on behalf of a class of individuals who also received letters from defendants.

II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. See also id. at 563 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

III. Discussion

Defendants argue that Counts One through Five of plaintiff's complaint should be dismissed pursuant to the FDCPA's one-year statute of limitations. In support of this argument, defendants refer to three lawsuits filed by Capital One against plaintiff in December 2008 in the St. Charles County Circuit Court. See Capital One Bank (USA), N.A., v. Lan N. Nguyen, Case Nos. 0811-CV11515, 0811-CV11574, 0811-CV12034,

available at https://www.courts.mo.gov/casenet/base/welcome.do.  Each of these lawsuits resulted in default judgments entered against plaintiff in January and February of 2009.[1]  Id.

Section 1692k(d) of the FDCPA provides that all claims must be brought "within one year from the date on which the violation occurs." Plaintiff filed the instant complaint on April 22, 2013. Therefore, in order to avoid dismissal, the alleged violations of which plaintiff complains must have occurred on or after April 22, 2012.

In Count I plaintiff alleges that the balance amounts listed in the three St. Charles County Circuit Court lawsuits improperly sought "to collect a debt larger than the credit limit of each account." [Doc. #1-1, ¶ 31]. When an FDCPA violation arises out of a collection lawsuit, courts have held that the one-year limitations period begins on the date when the allegedly wrongful litigation is filed by the creditor or when the debtor is served with the lawsuit. See Judy v. Blatt, Hasenmiller, Leibsker, & Moore, 2010 U.S. Dist. LEXIS 8027, *6 (N.D. Ill. Jan, 2010) (period begins at filing); Naas v. Stolman, 130 F.3d 892, 893 (9th Cir. 1997) (period begins at filing); Johnson v. Riddle, 305 F. 3d 1107, 1113 (10th Cir. 2002) (period begins at service). Because plaintiff filed the instant complaint more than four years after the completion of his state court cases, it would make no difference whether this Court were to use the date of filing or the date of service. Accordingly, Count One of plaintiff's complaint is barred by the one-year statute of limitations and is dismissed.

---

[1] The Court takes judicial notice of the three default judgments. See Stahl v. United States Dept. of Agric., 327 F.3d 697, 700 (8th Cir. 2003) ("Generally, the Court must ignore materials that are outside of the pleadings, however, district courts 'may take judicial notice of public records and may thus consider them on a motion to dismiss.'").

Counts Two through Five are based on the allegation that the collection letters sent to plaintiff *prior to the filing* of the St. Charles County Circuit Court petitions gave the false and misleading implication that they were from a law firm and that the attorneys affiliated with that firm were meaningfully involved in the collection efforts. The Eighth Circuit has held that the "statute of limitations begins to run at the time [the] debt collector places its communication in the mail[.]" Erickson v. Performant Recovery, Inc., 2013 WL 3223367, *2 (D. Minn. June 25, 2013) (citing Mattson v. U.S. W. Commc'ns, Inc., 967 F.2d 259, 261 (8th Cir. 1992)). Plaintiff is alleging violations of the FDCPA regarding letters that were sent by defendants prior to December 2008. As such, the limitation periods began when these letters were mailed over four years ago. Accordingly, Counts Two through Five of plaintiff's complaint are barred by the one-year statute of limitations and are dismissed.

Lastly, defendants argue that Count Six of plaintiff's complaint should be dismissed for failure to state a claim. In Count Six, plaintiff claims that Capital One "extended three credit accounts to Plaintiff limited by the amount of $500, $2300 and $500, respectively." [Doc. #1-1, ¶ 49]. Plaintiff alleges that defendants had a duty to plaintiff "to exercise reasonable care in administration of his credit accounts and not impose charges in excess of the credit limits. $500.00 (but charged $1,116.17), $2,300 (but charged $3,593.33) and $500.00 (but charged $1,093.34)." [Doc. #1-1, ¶ 50].

"In order to state a claim for negligence under Missouri law, Plaintiff must show: '(1) the defendant[s] had a duty to protect the plaintiff from injury; (2) the defendant[s] breached that duty; and (3) the breach was the proximate cause of the plaintiff's injury.'" Pernikoff Construction Co., v. U.S. Bank, N.A., Case No. 4:09-CV-

4

894 (E.D. Mo. Aug. 23, 2010) (citing Stein v. Novus Equities Co., 284 S.W.3d 597, 604-05 (Mo. App. 2009)). "Whether a legal duty sufficient to support a negligence claim exists is a question of law." Id.

Plaintiff does not allege that the charges were fraudulent or the result of an error by Capital One. Instead, plaintiff is alleging that Capital One negligently allowed plaintiff's credit card accounts to incur charges and fees above the stated credit limits. The Court cannot find, and plaintiff has not provided, any legal basis showing that Capital One, K&F, or Frankel had a duty to prevent plaintiff from exceeding his credit card limits. Thus, Count Six fails to state a claim upon which relief can be granted. See Bruce v. First USA Bank, 4:99-CV-26 (E.D. Mo. July 3, 2008) (failure to allege a recognized duty of care is insufficient to sustain a common law negligence claim).

Even if the Court found the existence of a duty, plaintiff's negligence claim is precluded by the economic loss doctrine. Missouri's economic loss doctrine "prohibit[s] a plaintiff from seeking to recover in tort for economic losses that are contractual in nature." Arnold v. AT&T, Inc., 2012 WL 1441417, *11 (E.D. Mo. Apr. 26, 2012). "Historically, recovery in tort for purely economic damages is limited to cases where there is personal injury, damage to property other than that sold, or destruction of property sold due to some violent occurrence." Id. Credit card relationships between a creditor and debtor are contractual in nature and despite plaintiff's allegation that he suffered "economic and non-economic harm," there is no explanation as to how his injury could be anything more than monetary. Thus, plaintiff cannot bring a negligence claim.

* * *

5

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss filed by defendant Capital One Bank [Doc. # 11] is **granted**.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by defendants Kramer & Frank, P.C. and Irwin James Frankel [Doc. #14] is **granted**.

A separate Order of Dismissal will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 21st day of August, 2013.