UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAN N. NGUYEN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:13-CV-1140 (CEJ) |
| CAPITAL ONE BANK (USA), N.A., et al., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion pursuant to Fed.R.Civ.P. 59(e) to alter or amend judgment. Defendants have filed a response in opposition and the issues are fully briefed.

Defendant Capital One Bank (Capital One) filed a motion to dismiss on June 18, 2013. Defendants Kramer & Frank, P.C. (K&F) and Irwin James Frankel (Frankel) filed a joint motion to dismiss on July 11, 2013. Plaintiff did not respond to either motion or request an extension. On August 21, 2013, the Court entered an order determining that Counts One through Five of plaintiff's complaint were barred by a one-year statute of limitations pursuant to § 1692k(d) of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1962, *et seq*. The Court further determined that Count Six of plaintiff's complaint failed to state a claim upon which relief could be granted. As a result, the Court dismissed this action with prejudice. On September 20, 2013, plaintiff filed the instant motion.

I.  **Legal Standard**

Federal Rule of Civil Procedure 59(e) was adopted to clarify a district court's

power to correct its own mistakes in the time period immediately following entry of judgment. Norman v. Arkansas Dep't of Educ., 79 F.3d 748, 750 (8th Cir. 1996) (citing White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445 (1982)). Rule 59(e) motions serve a limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." Innovative Home Health Care, Inc. v. P.T.O.T. Associates of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotation and citations omitted). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.  Id. A motion alter or amend judgment under Rule 59(e) must be made *within 28 days from entry of the challenged ruling*. See Fed.R.Civ.P. 59(e).

II.    Discussion

Plaintiff asserts that at the time defendants' motions to dismiss were filed, plaintiff's counsel was not licensed by this Court and was unable to file a responsive pleading or a request for extension. Plaintiff asserts that on August 1, 2013, plaintiff's counsel e-mailed counsel for defendant Capital One to request additional time to file a brief in opposition. Counsel for Capital One did not respond. Plaintiff argues that because of his counsel's "excusable neglect," this Court should set aside its August 21, 2013 order and allow plaintiff to file a responsive pleading or an amended complaint.

Plaintiff's Rule 59(e) motion is untimely. The Court issued its order dismissing this action on August 21, 2013. Pursuant to Rule 59(e), plaintiff had 28 days, or until September 18, 2013, to file a motion to alter or amend judgment. Plaintiff filed his motion on September 20, 2013.  "Where a Rule 59(e) motion is untimely the Court lacks jurisdiction to consider it" and "the time for filing such a motion may not be

enlarged by the district court." Harris v. Potter, Case No. 4:08-CV-1191 (E.D. Mo. Apr. 20, 2009); Keith v. Bobby, 618 F.3d 594, 598-99 (6th Cir. 2010) (The time for filing a 59(e) motion may not be extended under any circumstances). Furthermore, even if plaintiff's Rule 59(e) motion was timely, plaintiff has failed to allege any "manifest errors of law or fact" or any "newly discovered evidence" that would justify altering or amending the Court's order. See Innovative Home Health Care, Inc., 141 F.3d at 1286.

However, because plaintiff's primary argument in the instant motion is that his counsel *excusably neglected* to respond to defendants' motions to dismiss, the Court will address whether it is appropriate to set aside the order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) states, in pertinent part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect[.]" "The rule 'provides extraordinary relief which may be granted only upon adequate showing of exceptional circumstances.'" Dille v. Renaissance Hotel, Case No. 4:10-cv-1983 (E.D. Mo. Nov. 19, 2012) (citing Jones v. Swanson, 512 F.3d 1045, 1048 (8th Cir. 2008)). "Rule 60(b) motions are viewed with disfavor and are addressed to the Court's discretion." Harris, Case No. 4:08-CV-1191.

"Excusable neglect, necessarily, has two components: (1) neglect or noncompliance (2) that is excusable." Gaydos v. Guidant Corp., 496 F.3d 863, 866 (8th Cir. 2007). "Excusable neglect means good faith and some reasonable basis for noncompliance with the rules." Ivy v. Kimbrough, 115 F.3d 550, 552 (8th Cir. 1997) (internal quotations omitted). Factors to be considered include: "(1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact

3

on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the control of the movant." Gaydos, 496 F.3d at 866.

Plaintiff contends that his counsel neglected to timely file a brief in opposition to defendants' motions to dismiss, but that such neglect was done in good faith "as demonstrated by his introductory email to defendant's counsel and his request for them to agree to an extension of time for him to answer." [Doc. #23, at 3]. Plaintiff further argues that the Court should find the neglect excusable because "the reason for the delay was frankly due to the fact Plaintiff's counsel needed to secure co-counsel licensed in this court, the workload of Plaintiff's counsel and finally the complex nature of the claims at issue." [Doc. #23, at 5].

While the failure of plaintiff's counsel to respond to defendants' motions to dismiss qualifies as neglect, the Court does not find this neglect to be excusable, in good faith, or supported by a reasonable basis. On June 17, 2013, the Clerk of Court sent plaintiff's counsel a letter directing him to comply with Local Rule 12, which requires attorneys to apply for admission prior to practicing before this Court. Plaintiff's counsel failed to take appropriate action. Motions to dismiss were filed by defendant Capital One on June 18, 2013 and by defendants Frankel and K&F on July 11, 2013. Local Rule 7-4.01(B) instructs that "each party opposing a motion shall file, within seven (7) days after being served with the motion, a memorandum containing any relevant argument and citations to authorities on which the parties rely." Thus, plaintiff was required to respond to the motions to dismiss on June 25, 2013 and July 18, 2013. The Court issued its order granting the motions to dismiss on August 21, 2012, which

4

was 57 days after a response to Capital One's motion to dismiss was due, 34 days after a response to Frankel and K&F's motion was due, and 65 days after the Clerk of Court instructed plaintiff's attorney to apply for admission.

Plaintiff's argument that he e-mailed defendants' counsel for an extension of time to respond is without merit. It is rudimentary knowledge for any practicing attorney that a party must file a motion with the Court, not with opposing counsel, in order to seek an extension of time. Furthermore, it is evident from plaintiff's email to defendants' counsel that plaintiff's counsel believed that there was no deadline for answering the motions to dismiss. See Pl.'s Email, Doc. #26, Exhibit 1 ("I wanted to send this short email to . . . ask if you are willing to work with me on an extension of time (although I don't believe there's any strict deadline) to answering your motion to dismiss in the above captioned case."). "[A]n attorney's ignorance or carelessness does not constitute 'excusable neglect' under Rule 60(b)(1)." Ivy v. Kimbrough, 115 F.3d 550, 552 (8th Cir. 1997).

Furthermore, plaintiff's additional arguments that the delay was due to the heavy workload of plaintiff's counsel and the complex nature of the claims in this case are also without merit. If the Court was to allow every busy attorney handling complex cases to disregard established deadlines, the Local Rules would serve no purpose. Accordingly, the Court declines to set aside or reconsider its August 21, 2013 order dismissing this case with prejudice.

Plaintiff further requests that the Court grant him leave to file an amended complaint. However, plaintiff failed to attach a proposed amended complaint to his motion. The Eighth Circuit has held that "granting leave to amend a complaint where

the plaintiff has not submitted a proposed amendment is inappropriate." See Popoalii v. Corr. Med. Servs., 512 F.3d 488 (8th Cir. 2008). Furthermore, Counts I through V are clearly barred by the FDCPA's one-year statute of limitations and Count VI is insufficient to sustain a common law negligence claim and is additionally precluded by Missouri's economic loss doctrine. See Nguyen v. Capital One Bank, N.A., et al., Case No. 4:13-CV-1140 (Mo. E.D. Aug. 21, 2013). While plaintiff asserts that he would present a tolling theory in his amended complaint, he provides no additional information for the Court to determine whether such an amendment would be futile. Accordingly, the Court declines to grant plaintiff's request to file an amended complaint.

Finally, in the last sentence of the motion, plaintiff requests that "the Court alter and amend the Order of the Magistrate Judge that denied Plaintiffs' Motion to Amend Scheduling and Discovery Order[.]" [Doc. #23, at 5]. The Court assumes this request was in error because a magistrate judge has never been involved in this matter and no scheduling and discovery order has been issued.

* * *

For the above stated reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion to set aside or reconsider the August 21, 2013 order [Doc. #23] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 21st day of October, 2013.