UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAN N. NGUYEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No. 4:13-CV-1140 (CEJ) |
| | ) |
| CAPITAL ONE BANK (USA), N.A., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion for attorneys' fees, filed by defendants Kramer & Frank, P.C. (K&F) and Irwin James Frankel (Frankel). Plaintiff has not filed a response and the time allowed for doing so has expired.

**I.   Background**

On April 22, 2013, plaintiff filed a putative class action in the Circuit Court of St. Charles County, Missouri against defendants K&F, Frankel, and Capital One Bank (Capital One). See Lan N. Nguyen v. Capital One Bank (USA), N.A., et al., Case No. 1311-CC00399, available at https://www.courts.mo.gov/casenet/cases/header.do (last visited Jan. 7, 2013). Plaintiff alleged that defendants violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, and acted negligently when attempting to collect payment for defaulted Capital One credit cards. K&F is counsel for Capital One and Frankel is an attorney employed by K&F. Plaintiff did not serve the defendants with the state court petition. See id.

On June 14, 2013, defendants removed the action to this Court. [Doc. #1]. On June 17, 2013, the Clerk of Court sent plaintiff's counsel a letter directing him to

comply with Local Rule 12, which requires attorneys to apply for admission prior to practicing before this Court.  Plaintiff's counsel failed to take appropriate action.  Motions to dismiss were filed by Capital One on June 18, 2013 and by Frankel and K&F on July 11, 2013.  Plaintiff did not respond to either motion or request an extension.  On August 21, 2013, the Court entered an order determining that plaintiff's FDCPA claims (Counts One through Five) were barred by the FDCPA's one-year statute of limitations and that plaintiff's negligence claim (Count Six) failed to allege a duty of care.  The Court dismissed the action with prejudice.

On September 20, 2013, plaintiff filed a motion for reconsideration.  The Court denied plaintiff's motion and reiterated that "Counts I through V are clearly barred by the FDCPA's one-year statute of limitations and Count VI is insufficient to sustain a common law negligence claim and is additionally precluded by Missouri's economic loss doctrine." [Doc. #27, at 6].

II. **Discussion**

In the instant motion, Frankel and K&F (collectively movants) request attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3) of the FDCPA, which provides,: "On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney[s'] fees reasonable in relation to the work expended and costs."

Section 1692k(a)(3) "'should be construed narrowly as not to discourage private litigation under the FDCPA.'" Velez v. Portfolio Recovery Associates, Inc., 881 F. Supp.2d 1075, 1085 (E.D.Mo. July 25, 2012) (quoting Kondratick v. Beneficial Consumer Disc. Co., 2006 WL 305399, at *10 n.4 (E.D. Pa. Feb. 8, 2006)). "For an

award to be made, 'there must be evidence that the plaintiff knew that his claim was meritless and that plaintiff pursued his claims with a purpose of harassing the defendant.'" Id. (citing Allers-Petrus v. Columbia Recovery Grp., LLC, 2009 WL 1160061, at *1 (W.D. Wash. Apr. 29, 2009)).

Movants argue that plaintiff filed this action in bad faith and for the purpose of harassment.  In support of this contention, movants point to the website of plaintiff's counsel, Jeffrey Millar, which states that Mr. Millar has "litigated class action cases since 2000, exclusively representing consumer plaintiffs." [Doc. #21, Ex. 5].  Due to his extensive experience with consumer lawsuits, movants argue that Mr. Millar "unquestionably knew that the FDCPA's one-year statute of limitations barred [the FDCPA] claims." [Doc. #21]. Movants additionally argue that bad faith and harassment is further evidenced by plaintiff's failure to prosecute—*i.e.*, serve defendants with the state court petition, apply for admission before this Court or respond to the motions to dismiss—while simultaneously publicizing the lawsuit and harshly criticizing Capital One's business practices on the Millar website. See Doc. #21, Millar Website, Ex. 1-3.

The Court agrees with movants and finds that this action was brought in bad faith and for the purpose of harassment. Section 1692k(d) of the FDCPA clearly provides that all claims must be brought "within *one year* from the date on which the violation occur[ed]." (emphasis added).  Despite this instruction, plaintiff brought his claims *more than four years* after the alleged violations occurred. See Court Order, Doc. #18, at 3-4. An attorney who advertises himself as "exclusively representing consumer plaintiffs" should have had little difficulty in determining that plaintiff's FDCPA claims  were time-barred. Compare to Simmon v. Roundup Funding, LLC, 622

3

F.3d 93, 97 (2d Cir. 2010) (Because the merits of plaintiff's claim turned on a question of law that was undecided by the second circuit, the assertion of the claim by itself could not prove bad faith).

Furthermore, plaintiff made no effort whatsoever in prosecuting this case. Plaintiff did not serve any of the defendants with the state court petition, entirely disregarded the clerk's instruction to apply for admission to this Court, and then further failed to defend his petition by not responding to the motions to dismiss. See Ceresko v. LVNV Funding, LLC, 48 Fed.Appx. 113, 114 n1 (Plaintiff's "handling of the underlying action also shows its lack of merit. After [d]efendants answered [plaintiff's] complaint, [plaintiff] did not serve discovery or otherwise pursue the case."). Moreover, despite failing to pursue this action in court, plaintiff continued to advertise the lawsuit on the Millar website and falsely stated that plaintiff brought "causes of action for violations of state regulatory statutes, breach of contract and state consumer fraud." See Doc. #21, Millar Website, Ex. 1-3. Plaintiff's actions convince the Court that this lawsuit was brought in bad faith and for the purpose of harassment. Thus, defendants are entitled to reasonable attorney's fees.

The well-established standard for assessing attorney's fees is the lodestar method, which determines the number of hours reasonably expended multiplied by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433–34 (1983). "As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'" Moysis v. DTG Datanet, 278 F.3d 819, 828-829 (8th Cir. 2002). An attorney must "produce satisfactory evidence — in addition to the attorney's own affidavits — that the

requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 896 n. 11 (1984). "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005) (citing Warnock v. Archer, 397 F.3d 1024, 1027 (8th Cir. 2004)).

Once the lodestar amount has been determined, the Court may consider several other factors[1] to determine whether the fee should be adjusted upward or downward, although "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." Transamerica Life Ins. Co., Inc. v. Lambert, 4:12-CV-1253 CAS, 2013 WL 328792 at *2 (E.D. Mo. Jan. 29, 2013) (quoting Hensley, 416 U.S. at 434 & n. 9).

Defendants seek to recover fees at a rate of $250 per hour for 29.3 hours of services expended by Daniel V. Conlisk, senior litigation counsel at K&F. Defendants have submitted detailed billing records of these hours. See Doc. #21, Ex. 6. Defendants have also submitted affidavits of Mr. Conlisk, Karen Mayfield-Jones, and

---

[1] Other factors the court may consider are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney(s); (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974) (limited by Blanchard v. Bergeron, 489 U.S. 87 (1989)).

Patrick T. McLaughlin. See Doc. #21, Ex. 7-9. Mr. Conlisk states that has practiced law since 1989 and has experience in commercial and federal statutory litigation, including the defense of consumer law cases under the FDCPA. Ms. Mayfield-Jones, a member of the St. Louis office of the law firm Evans & Dixon, L.L.C., states that she has defended numerous FDCPA cases and believes that the rate of $250 per hour is reasonable. Mr. McLaughlin, a partner in the St. Louis office of the law firm Spencer Fane Britt & Browne LLP, states that he has also defended numerous FDCPA cases and believes that the rate of $250 per hour is reasonable.

Based on the Court's own experience and knowledge of prevailing market rates, Mr. Conlisk's skill and experience, and review of Mr. Conlisk's billing records, the Court concludes that the hours listed were reasonably expended and that the requested hourly rates are reasonable. Thus, defendants' request will be granted in full.

\* \* \*

For the above stated reasons,

**IT IS HEREBY ORDERED** that the motion for attorneys' fees filed by defendants Kramer & Frank, P.C. and Irwin James Frankel [Doc. #20] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff shall pay attorneys' fees in the amount of $7,325.00 to Kramer and Frank, P.C.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 4th day of April, 2014.